**THOMAS PUBLISHING COMPANY and Product Information Network, Inc., Plaintiffs,**

v.

**INDUSTRIAL QUICK SEARCH, INC., Meiresonne & Associates, Inc, Michael Meiresonne, and John Does No. 1 Through 5, Defendants.**

**No. 02 Civ. 3307(RO).**

United States District Court, S.D. New York.

Dec. 18, 2002.

Satterlee Stephens Burke & Burke
LLP, New York City, James F. Rittinger,
Mark A. Fowler, for Plaintiffs.

Cole, Schotz, Meisel, Forman & Leon-
ard, PA, Hackensack, NY, David M. Ko-
hane, for Defendants.

## OPINION & ORDER

OWEN, District Judge.

Plaintiff Thomas Publishing Company publishes *The Thomas Register*, a comprehensive directory of manufacturing and industrial companies. Plaintiff Product Information Network ("PIN") is licensed by Thomas to recruit and contract with independent sales managers who solicit advertising for the Thomas Register. Defendant Meiresonne & Associates ("M & A"), owned and operated by individual defendant Meiresonne, was one such independent sales manager. M & A is located in Michigan and Indiana. Defendant Industrial Quick Search ("IQS"). also located in Michigan, operates a website—*www.industrialquicksearch.com*—that Thomas claims infringes its register. IQS is also run by Meiresonne.

Plaintiffs bring this action alleging, inter alia, copyright, trademark, and Lanham Act violations arising out of IQS's use of Thomas's material. Plaintiffs also seek a declaratory judgment that they are entitled to contract with certain former employees of M & A. After commencement of this action, defendants brought an action in Michigan state court against the plaintiffs alleging breach of contract and tortious interference. Defendants now seek to dismiss this action for lack of personal jurisdiction and failure to join former M & A employees as necessary parties. In the alternative, defendants seek to transfer this action to the federal court in the Western District of Michigan. For the reasons that follow, defendants' motion is denied.

■ Sustaining personal jurisdiction requires two findings. First, obviously, there must be personal jurisdiction under New York law. Second, exercise of that jurisdiction must be consistent with federal due process requirements. Plaintiffs bear the burden of establishing jurisdiction, which is met at this stage simply by pleading legally sufficient allegations of jurisdiction. New York law provides two bases for personal jurisdiction: CPLR §§ 301 and 302. Section 301, the "general jurisdiction" provision, subjects entities "doing business" in New York to jurisdiction here as to all causes of action. An entity that systematically and continually conducts business here, including one that regularly solicits business here and engages in some additional commercial activity within the state, is subject to personal jurisdiction in New York. "Once solicitation is found in any substantial degree, very little more is necessary to a conclusion of doing business." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 763 (2d Cir.1983). Here, plaintiffs allege that IQS regularly solicits business in New York through its interactive website, and currently lists 269 New York entities on its website. IQS has also contacted sales associates in New York, attempting to get them to sell ads for IQS. IQS features more than 75 paid advertisers from New York, and Meiresonne, as agent for IQS, has visited New York on a series of occasions to further IQS's business interests. Plaintiffs have thus adequately alleged that IQS has solicited substantially in New York, and engaged in additional commercial activity sufficient to find that IQS does business in New York and is subject to personal jurisdiction under CPLR § 301.

■ Other grounds exist under the "specific" jurisdiction provisions of CPLR § 302(a)(1), New York's long-arm statute. M & A transacts business in New York pursuant to its ongoing contractual relationship with PIN, and is therefore subject to jurisdiction here.

It appears appropriate to observe that given today's internet reach and capabilities, IQS is also subject to personal jurisdiction here under § 302(a)(1) because it, by the internet, also transacts business in

New York. "It has long been observed that technological advances affecting the nature of commerce require the doctrine of personal jurisdiction to adapt and evolve along with those advances." *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 565 (S.D.N.Y.2000). IQS's website, *www.industrialquicksearch.com*, gives users the option to submit company listings, track product areas, and submit e-mails directly to IQS's sales department. It is true that the "use of the internet has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant." *Id.* In this regard, IQS stresses that if personal jurisdiction is appropriate based on its website, it will unfairly be subject to personal jurisdiction in every state. This argument is unavailing, for technological advances enable IQS to transact business in every state via an interactive website, where those in the state can communicate directly via its internet route back to IQS. With that ability, however, comes the responsibility for actionable conduct. IQS's presence in New York, by way of an interactive website, is more closely akin to actual physical presence in New York than it is to running an advertisement in a national magazine. If IQS wishes to operate an interactive website accessible in New York, there is no inequity in subjecting IQS to personal jurisdiction here. If IQS does not want its website to subject it to personal jurisdiction here, it is free to set up a "passive" website that does not enable IQS to transact business in New York. Having decided to create an interactive website that enables it to transact business in New York, IQS is subject to personal jurisdiction here under CPLR § 302(a)(1) because the cause of action for infringement arises directly out of the transaction of business, to wit, the use of an allegedly infringing website.

■ Personal jurisdiction over IQS may also be found through application of CPLR § 302(a)(3)(ii), which subjects a non-domiciliary to jurisdiction in New York if he commits a tortious act outside New York that causes injury inside New York if he should reasonably expect the act to have consequences here and he derives substantial revenue from interstate commerce. "Injury within the state includes harm to business in the New York market in the form of lost sales or customers." *See Citigroup*, 97 F.Supp.2d at 568. Given the high number of New York companies that advertise or are listed on IQS's website, and the interactivity of the website, it is reasonable for IQS to expect that if it infringed on Thomas's publications, there would be consequences in New York. Plaintiffs have also alleged that IQS derives substantial revenue from interstate commerce. Accordingly, CPLR § 302(a)(3) provides another basis for jurisdiction over IQS.

■ Plaintiffs have also adequately alleged personal jurisdiction over Meiresonne under an agency theory. Under CPLR § 302(a), New York courts may exercise personal jurisdiction over non-domiciliaries whose agents' actions satisfy the requirements of the long-arm statute. When it is alleged that the actions of a corporation (here, IQS and M & A) are for the benefit of the officer and the officer exercised control over the corporation, an agency relationship may be found. *See Kinetic Instruments, Inc. v. Lares*, 802 F.Supp. 976, 984 (S.D.N.Y.1992). Plaintiffs allege that Meiresonne, as president and controlling shareholder, controls both M & A and IQS. Since both IQS and M & A are subject to personal jurisdiction here, Meiresonne is as well.

■ Satisfied that plaintiffs have adequately alleged state law bases for personal jurisdiction over all defendants, I now

consider whether exercise of personal jurisdiction over the defendants is consistent with federal due process. Defendants must have sufficient minimum contacts with New York such that they could have reasonably expected to be hailed into court here. *See e.g. Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Plaintiffs assert that defendants, through daily communication with New York, maintenance of web listings of New York companies, occasional visits to New York pursuant to business relationships with New York parties, and operation of an interactive website directed in part to computer uses in New York, have sufficient contacts with New York to make this Court's exercise of personal jurisdiction over the defendants consistent with due process. I agree. Defendants' motion to dismiss for lack of personal jurisdiction is denied.

Nor is dismissal warranted by plaintiffs failure to join M & A's former employees as necessary parties to this action. While these parties are necessary because plaintiffs seek declaratory relief affecting the rights of those employees, dismissal is not the proper remedy. Instead, the proper remedy is to join them as parties and their joinder is hereby ordered.[1]

Finally, I deny defendants alternative argument to transfer this action to the federal court in the Western District of Michigan. Here, defendants bear the burden. I consider such factors as convenience of the parties and witnesses, relative means of the parties, locus of operative events, ease of access to sources of proof, weight accorded to plaintiff's choice of forum, availability of processes to compel unwilling witnesses, the forum's familiarity with the governing law, and trial efficiency. *See Promuto v. Waste Mgmt. Inc.,* 44 F.Supp.2d 628 (S.D.N.Y.1999).

Consideration of these factors satisfies me that transfer is not warranted. Parties are located in both New York and Michigan; witnesses are located in both states; documents are located in both states; many operative events occurred in Michigan, but there is a logical New York nexus as well; Plaintiffs chose New York (and did so before defendants filed their state court action in Michigan); New York law governs; and, Meiresonne, in his affidavit, claims that Thomas is struggling while his companies thrive, thus "relative means of the parties" weighs in favor of the New York forum, since Thomas is located here. Defendants have failed to make a sufficient showing that transfer is warranted.

Defendants' motion to dismiss is denied, as is their alternate motion to transfer this action to Michigan.

So ordered.

---

1. The employees have all submitted affidavits indicating their consent to jurisdiction here.